# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-262V
(Unpublished)

| | |
|---|---|
| BONNIE WEIN, *as Personal Representative of the Estate of Linda Carl, deceased, on behalf of the surviving children and heirs of Linda Carl, Robert L. Fish, Jr., James H. Waite and Michael C. Waite*, | Special Master Katherine E. Oler |
| | Filed: April 30, 2019 |
| Petitioner, | |
| v. | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Vanessa L. Brice*, Colling Gilbert Wright & Carter, Orlando, FL, for Petitioner.
*Daniel Principato*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 20, 2018, Bonnie Wein, as Personal Representative of the Estate of Linda Carl, deceased, on behalf of the surviving children and heirs of Linda Carl, Robert L. Fish, Jr., James H. Waite and Michael C. Waite ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that Linda Carl suffered from injuries

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This petition was initially assigned to Special Master Roth on February 21, 2018 and was re-assigned to my docket on June 8, 2018.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

that led to her death as a result of the pneumococcal conjugate vaccination (Prevnar-13) she received on January 11, 2017.  Petition at 1, ECF No. 1.  Petitioner filed her final statement of completion on August 1, 2018. ECF No. 13.

On March 1, 2019, Respondent filed a Rule 4(c) Report ("Respondent's Report"). ECF No. 21.  Respondent stated that Petitioner had not satisfied her burden of proof, specifically noting that Petitioner failed to offer a medical of scientific theory supporting causation-in-fact. *Id.* at 4.  Respondent concluded that "[P]etitioner has not met her burden of proving entitlement to compensation." *Id*.

Following Respondent's Report, I held a status conference via telephone with the parties on April 17, 2019 to discuss how Petitioner wanted to proceed.  Following the call, Petitioner filed the instant motion to dismiss her claim on April 30, 2019, indicating that "[an] investigation of the facts and science supporting the case of Linda Carl has demonstrated that Petitioner will be unable to prove that the estate is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion for a Decision Dismissing her Petition, ECF No. 24.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

 **/s/ Katherine E. Oler**
Katherine E. Oler
Special Master