# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-262V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| BONNIE WEIN, *as personal representative* | TO BE PUBLISHED |
| *of the Estate of Linda Carl, deceased, on* | |
| *behalf of the surviving children and heirs of* | Special Master Katherine E. Oler |
| *Linda Carl, Robert L. Fish, Jr., James H.* | |
| *Waite, and Michael C. Waite,* | Filed: July 1, 2020 |
| Petitioner, | |
| | Attorneys' Fees & Costs; |
| v. | Reasonable Basis; Prevnar-13 Vaccine |
| SECRETARY OF HEALTH AND | |
| HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Vanessa L. Brice*, Colling, Gilbert, Wright & Carter, Orlando, FL, for Petitioner.
*Heather L. Pearlman*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON MOTION FOR FINAL ATTORNEYS' FEES AND COSTS[1]

On February 20, 2018, Bonnie Wein ("Petitioner") filed a petition as administrator of the Estate of Linda Carl, seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that Ms. Carl died on January 25, 2017 as a result of the pneumococcal conjugate ("PCV-13") vaccine she received on January 17, 2017. Pet. at 1, ECF No. 1.

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

Respondent filed his Rule 4(c) Report on March 1, 2019 recommending that compensation be denied. ECF No. 21.

On April 17, 2019, I held a status conference where I explained to Petitioner's counsel that the medical records and affidavits filed did not establish causation-in-fact.[3] *See* Scheduling Order of April 19, 2019 at 1, ECF No. 23. Petitioner's counsel indicated that finding an expert to support the case had been "difficult" and that Petitioner has decided not to file an expert report. *Id.* I informed counsel that I did not believe the case possessed a reasonable basis and recommended that she speak with her client about dismissing the petition. *Id.* Petitioner filed a Motion for a Dismissal Decision on April 30, 2019. ECF No. 24. I issued a decision dismissing the petition for insufficient proof on that same day. ECF No. 25.

On November 26, 2019, Petitioner filed a Motion for Attorneys' Fees and Costs requesting a total of $25,930.98. Fees App., ECF No. 28. Petitioner requested attorneys' fees in the amount of $22,455.00[4] and costs in the amount of $3,475.98. *Id.* at 1.

Respondent submitted his response in opposition to Petitioners' motion on May 31, 2019. Fees Resp., ECF No. 29. Petitioner did not file a reply.

For the reasons set forth below, I find that Petitioner did not have a reasonable basis to file the petition. Therefore, her motion for attorneys' fees and costs is denied.

I.  **Relevant Medical History**

Linda Carl was born on January 14, 1949. Pet. at 1. On July 18, 2014, Ms. Carl presented to Dr. Chinemyenwa Usoh for evaluation of thyroid nodules. ECF No. 12, at 36.[5] She had a past medical history of gastroesophageal reflux disease (GERD), hypertension, depression, anxiety, stress incontinence, lumbosacral spondylosis without myelopathy (diagnosed September 6, 2012), psoriasis and iritis. *Id.* She also had received several surgeries: hysterectomy, cholecystectomy, eye surgery, and rectocele repair. *Id.* By November 30, 2016, Ms. Carl had also been diagnosed with degenerative joint disease, osteopenia, perennial allergic rhinitis, overactive bladder, and ischemic colitis. *Id.* at 1. In addition, at this visit, she had severe pain in her right shoulder and right arm. *Id.*

On January 17, 2017, Ms. Carl received the allegedly causal PCV-13 vaccination in her left shoulder. ECF No. 1-2 at 2.

---

[3] I note that the record has not been supplemented with additional medical records or expert reports since this status conference.

[4] As Petitioner did not include a specific total in her Motion, this number was calculated by taking Petitioner's customary billing rate ($450.00/hour) and multiplying it by the number of hours worked (49.9). *See* Fees App. at 1 (billing rate) and 5 (total number of hours worked).

[5] As Petitioner did not file exhibits with exhibit numbers, I have referred to medical records and affidavits by their docket numbers in this Decision.

Ms. Carl was transported to the emergency room on January 25, 2020 at 7:45pm in cardiac arrest. ECF 11-3 at 13. The records indicate that she had been found unresponsive in her home. *Id.* Her preceding symptoms were listed as unknown, while her "[r]isk factors consist[ed] of hypertension." *Id.* Medical providers stopped CPR at 7:57pm and Ms. Carl was pronounced dead at that time. *Id.* at 14. Ms. Carl's death certificate listed her cause of death as "hypertensive cardiovascular disease". ECF No. 1-2 at 1.

## II.   Affidavits

Petitioner, Ms. Carl's sister, submitted an affidavit. In it, she stated that on January 25, 2017, Ms. Carl left Petitioner's husband a voicemail in which she stated:

> Hi, this is Linda. Just wanted to let you guys know that I'm really sick. I've been sick like this since probably Friday and over the weekend with chills and stuff and I don't have a thermometer. Just wanted to let you know in case I get worse or something.

ECF No. 11-1 at 1. Petitioner's husband went to check on Ms. Carl and found her unresponsive. *Id.* She was taken to a hospital and pronounced dead at 7:57pm. *Id.*

Ms. Carl's son, Robert Fish, also submitted an affidavit. ECF No. 11-2. In his affidavit he stated that he spoke to Ms. Carl on January 24, 2017. According to Mr. Fish, Ms. Carl told him that "She had recently received a routine dose of the PCV-13 vaccine…at Walgreens pharmacy and was having a reaction to the shot." *Id.* at 2.

## III.   Parties' Arguments

In his response to Petitioners' motion for attorneys' fees and costs, Respondent argues that the petition lacked reasonable basis. Respondent claims that "the objective evidence in the record fails to demonstrate a reasonable basis." Fees Resp. at 4. Respondent states that "there is no evidence linking the vaccine to Linda Carl's death and the evidence demonstrates that the death was instead due to a hypertensive cardiovascular disease." *Id*. at 4.

## IV.   Legal Standard

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted. Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

### A.   Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly

believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied.  *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim.  *Turner*, 2007 WL 4410030, at *6-7.  Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion.  *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014).  The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286.  The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis.  *Id.* at 290.  *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).  Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis.  "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).  Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by

4

medical opinion." 42 U.S.C. § 300aa-13(a)(1).  Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims.  *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors.   The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289.  This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis.  *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

V.     **Discussion**

   A.  **Good Faith**

Petitioners are entitled to a presumption of good faith.  *See Grice*, 36 Fed. Cl. 114 at 121.  Respondent has not raised an issue with respect to good faith in this matter.  *See* Fees Resp.  Based on my own review of the case, I find that Petitioner acted in good faith when filing this petition.

   B.  **Reasonable Basis for the Claims in the Petition**

The reasonable basis standard is objective and requires Petitioner to submit evidence in support of the petition.  The petition in this case alleges that Ms. Carl received the PCV-13 vaccine on January 17, 2017.  Pet. at 1.  The petition then states that Ms. Carl died on January 25, 2017 as a result of vaccine injury.  *Id.*  As discussed in further detail below, I do not find these claims articulated in the petition to be supported by objective evidence.

   1.  **Petitioner has not Presented Evidence of Causation**

The special master's analysis of reasonable basis should center around "an objective evaluation of the relevant medical information that served as the basis for petitioner's claim." *Frantz v. Sec'y of Health & Human Servs.*, 2019 WL 6974431 (Fed. Cl. 2019) (denying motion for review).  An examination of the relevant medical information demonstrates that Petitioner has not presented evidence (medical records or medical opinion) that the PCV-13 vaccine that Ms. Carl received on January 17, 2017 caused her death on January 25, 2017.

As an initial matter, Petitioner filed few medical records, and none that substantiated her claim that the PCV-13 vaccine caused Ms. Carl's death.  *See* ECF No. 12.  The medical records indicate that Ms. Carl suffered from myriad pre-existing conditions, but there is no mention of an injury related to vaccination.  *See generally id.*  Furthermore, in no medical record does there exist a discussion between Ms. Carl and her physician regarding Ms. Carl's receipt of the PCV-13 vaccine.  *Id.*  In fact, no medical records between January 17, 2017 (the date of vaccination) and

5

January 25, 2017 (date of death) were filed. In short, there is no medical record evidence that links Ms. Carl's vaccination to her death.

Further, Ms. Carl's death certificate did not make any mention of the PCV-13 vaccination. In fact, the death certificate lists hypertensive cardiovascular disease as Ms. Carl's cause of death. ECF No. 1-2 at 1.

In addition to the absence of medical record support for vaccine causation, Petitioner did not file an expert report articulating a link between Ms. Carl's vaccination and her death. In fact, Petitioner affirmatively indicated that she did not intend to file such a report. *See* ECF No. 23 at 1. Because she has not submitted medical records or medical opinion (either from treating physicians or from an expert) that link Ms. Carl's vaccination to her death, Petitioner has not submitted objective evidence in support of her petition and does not have a reasonable basis for her claim.

### 2. Statements in the Petition and Affidavits not Supported by the Record do not Establish Reasonable Basis

As previously discussed, none of the medical records filed in this case support vaccine causation.

The affidavit from Robert Fish filed by Petitioner states that:

> My mother [Linda Carl] and I spoke by phone on January 24, 2017, the day before she died. She told me that she had recently received a routine dose of the Prevnar 13 pneumococcal vaccine. She received the vaccine at Walgreens pharmacy and was having a reaction to the shot. During the telephone conversation, my mother told me she was not feeling well. She reported to me that she had some nausea and vomiting, fever with chills and that she was feeling extremely tired. She was also weak and having difficulty getting up.

ECF No. 11-2 at 2. Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Nothing in the medical records concerning Ms. Carl's death substantiates Petitioner's claims.

When "the medical and other written records contradict the claims brought forth in the petition," a special master is not arbitrary in concluding that reasonable basis for the petition did not exist. *Murphy v. Sec'y of Health & Human Servs.,* 30 Fed. Cl. 60, 62 (1993), *aff'd without opinion*, 48 F.3d 1236 (Fed. Cir. 1995). The documentary evidence filed in this case does not support the claims articulated in the petition or in the affidavits.

To be clear, I recognize that Petitioner's counsel acted expeditiously, and that Petitioner dismissed this case at a relatively early stage in the litigation. However, Petitioner provided no medical record evidence linking Linda Carl's vaccination to her death, nor was she able to submit a medical expert opinion in support of such a causal link. As such, I find that Petitioner did not have a reasonable basis to file her petition for compensation.

6

## VI.   Conclusion

Based on the foregoing, Petitioner's Motion for Attorneys' Fees and Costs is **DENIED**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.